Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 09-1732

JOYCE WAGENMAKER,

Plaintiff, Appellant,

v.

AMICA MUTUAL INSURANCE COMPANY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. William E. Smith, U.S. District Judge]

Before

Boudin, Circuit Judge,
Souter, Associate Justice,[*] and Howard, Circuit Judge.

Timothy J. Robenhymer for appellant.
John A. Donovan, with whom Christopher Reilly and Sloane & Walsh were on brief, for appellee.

March 25, 2010

---

[*]     The Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**Per Curiam.** On July 3, 2006, Joyce Wagenmaker was injured when an unidentified vehicle collided with a car belonging to Vito Vitone, in which she was a passenger. Wagenmaker's subsequent claim for benefits from defendant Amica Mutual Insurance Company, Vitone's insurer, was denied on the ground that Vitone's car had no uninsured motorist coverage, it having been cancelled at Vitone's request some nine months before the accident. The change was reflected in the policy's amended declarations page, which clearly indicated that the car was "NOT COVERED" for damages by an uninsured driver.

According to Wagenmaker, the declaration means nothing. She points to the boilerplate terms of the policy, which provide that Amica will pay any damages that a passenger in a "covered auto" is entitled to collect from an uninsured driver. She quotes the definition of "covered auto" as "[a]ny vehicle shown in the Declarations," notes that Vitone's car is identified in the amended declarations, and says "it is of no consequence whether Mr. Vitone canceled the uninsured motorist coverage": an automobile specifically designated on the declarations page as "NOT COVERED" with respect to a particular category of insurance is nonetheless a "covered auto" as to that same category.

Wagenmaker's position ignores the law of contract: "the rights and liabilities of the parties to an insurance contract are to be ascertained in accordance with the terms as set forth

therein," Nat'l Refrigeration, Inc. v. Travelers Indem. Co., 947 A.2d 906, 909 (R.I. 2008) (internal quotation marks omitted), and like any contract, an insurance policy is to be read as a whole. Town of Cumberland v. R.I. Interlocal Risk Mgmt. Trust, Inc., 860 A.2d 1210, 1215 (R.I. 2004). The terms of a policy thus include those listed on the declarations page; indeed, these are of "paramount importance." Mallane v. Holyoke Mut. Ins. Co., 658 A.2d 18, 20 (R.I. 1995) (internal quotation marks omitted); see also Lehroff v. Aetna Cas. & Surety Co., 638 A.2d 889, 892 (N.J. Super. Ct. App. Div. 1994) ("[I]t is the declaration page, the one page of the policy tailored to the particular insured and not merely boilerplate, which must be deemed to define coverage and the insured's expectation of coverage."), quoted in Mallane, 658 A.2d at 21. The declarations page of Vitone's policy unambiguously states that there is no uninsured motorist coverage for the car in which Wagenmaker rode.

The judgment of the district court in favor of Amica is **affirmed**. Costs are taxed in favor of Amica.