

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-15-2005

# Suopys v. Omaha Prop & Cslty

Precedential or Non-Precedential: Precedential

Docket No. 04-1996

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Suopys v. Omaha Prop & Cslty" (2005). *2005 Decisions.* Paper 1274.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1274

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-1996

———

ALLEN B. SUOPYS,

Appellant

v.

OMAHA PROPERTY & CASUALTY

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 02-cv-05743)
District Judge:  Honorable Garrett E. Brown, Jr.

———

Argued January 25, 2005
Before:  SCIRICA, *Chief Judge*, RENDELL,
and FISHER, *Circuit Judges*.

(Filed April 15, 2005)

Kenneth P. Westreich (Argued)
Swain & Westreich
3100 Highway 138, Building 2
Wall, NJ  07719
        *Attorney for Appellant*

Gerald J. Nielsen (Argued)
3838 North Causeway Boulevard, Suite 2850
Metairie, LA  70002
    *Attorney for Appellee*

———

OPINION OF THE COURT

———

FISHER, *Circuit Judge*.

Allen B. Suopys ("Suopys") appeals from an order of the United States District Court for the District of New Jersey granting summary judgment in favor of Omaha Property & Casualty ("Omaha").  Suopys claims that he sustained property losses that are covered by the Standard Flood Insurance Policy ("SFIP") issued to him by Omaha in its capacity as a "Write-Your-Own" Program Company participant in the National Flood Insurance Program ("NFIP").  This appeal presents the question of whether under the SFIP, the 60-day period for filing proof of loss, including the filing of an adjuster's report in lieu of proof of loss, is waivable absent the consent of the Federal Emergency Management Agency ("FEMA").  The District Court determined that Suopys's claim was barred for failure to timely submit proof of loss or, alternatively, found no coverage for the damage at issue.  We will affirm on the former ground and, in doing so, make explicit that the 60-day period for filing proof of loss must be strictly construed.

I.

The National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001-4129, established the NFIP.  The NFIP is underwritten by the

2

United States Treasury in order to provide flood insurance below actuarial rates. 42 U.S.C. § 4017 (2003); *see also Van Holt v. Liberty Mutual*, 163 F.3d 161, 154 n.2 (3d Cir. 1998). The NFIP is administered by FEMA and the Federal Insurance Mitigation Administration ('FIMA"). 42 U.S.C. § 4011 (2003); 44 C.F.R. §§ 59.1-77.2 (2003).

The SFIP is codified at 44 C.F.R. Pt. 61, App. A (2003) and is incorporated into the Code of Federal Regulations by reference at 44 C.F.R. § 61.13(a) (2003). The SFIP and all disputes arising from the handling of any claim under the policy are governed by the flood insurance regulations promulgated by FEMA, the National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001-4129, and federal common law. 44 C.F.R. Pt. 61, App. A(1), Art. 11 (2000) / Art. IX (2003). FEMA provides for marketing and claims adjustment of the SFIP by Write Your Own ("WYO") Companies, who operate as fiscal agents of the United States. 44 C.F.R. §§ 61.13(f), 62.23 (2003); 42 U.S.C. § 4071(a)(1) (2003) (authorizing FEMA director to utilize insurance companies as fiscal agents of the United States).

The WYO Companies are bound to adjust claims in accordance with the terms of the SFIP. The SFIP requires that in adjusting claims, the WYO Company apply its own company standards guided by NFIP Claims manuals issued by FEMA. 44 C.F.R. § 62.23(i)(1) (2003). WYO carriers may not alter, amend, or waive any provision or condition of the SFIP absent express written consent from the Federal Insurance Administrator. 44 C.F.R. Pt. 61, App. (A)(1), Art. 9(D) (2000) / Art. VII(D) (2003); 44 C.F.R. § 61.13(d) (2003).

The SFIP requires that an insured claiming damages for flood loss provide the WYO carrier with proof of loss within 60 days from

the date of the alleged loss.  44 C.F.R. Pt. 61 App. A(1), Art. 9(J) (2000) / VII(J) (2003).

## II.

Suopys seeks flood insurance coverage for damage to his Forked River, New Jersey summer home sustained on or about June 21, 2001, due to Tropical Storm Allison.  Suopys timely notified Omaha of the property damage.  By early July 2001, Omaha's claims adjuster inspected the property and observed damage including moisture in the house, water around the doors and carpet edges and upheaval of the concrete slab on which the house was situated.  The adjuster indicated that the claim for $12,962.44 (the amount after depreciation and deductibles) should be paid by Omaha within two months of its receipt.  Having not received payment by September 2001, Suopys inquired of the adjuster as to the status of his claim and was informed by the adjuster that payment would be forthcoming.

Omaha notified Suopys by letter dated September 27, 2001, that his claim remained open beyond the 60-day period for submitting a proof of loss and indicated that it could either close the claims file without payment, or close it with a possible payment if a proof of loss was received by October 5, 2001.  Omaha requested that Suopys contact the adjuster to determine his response given that Omaha did not have authority under the SFIP to act on any request for an extension of time to file a proof of loss.  Omaha's letter also contained a reservation of all rights under the policy.

On October 2, 2001, Suopys provided the adjuster with a signed and notarized proof of loss and the National Flood Insurance Program Final Report ("Adjuster's Report").  Omaha received the proof of loss and Adjuster's Report on October 4, 2001.  Shortly thereafter, Omaha determined that there was no SFIP coverage for the

4

claimed damage as it was not caused by Tropical Storm Allison or by a flood. Rather, as the adjuster's revised report reflected, although there was a general and temporary condition of flooding as a result of Tropical Storm Allison, the concrete slab upheaval resulted from possible subterrain flooding or ground movement over time.[1] By

---

[1]The relevant provisions of the SFIP regarding exclusions from coverage due to "earth movement"are as follows:

> We only provide coverage for *direct physical loss by or from flood* which means we do not cover:
>
> B. *Losses from other casualties, including loss caused by*:
> 1. Theft, fire, windstorm, wind, explosion, earthquake, land sinkage, landslide, destabilization or movement of land resulting from the accumulation of water in sub-surface land areas, gradual erosion, or any other earth movement except such mudslides ... or erosion as is covered under the peril of *flood*.
> * * *
> 3. Land subsidence ... unless, subject to additional deductibles as provided for at *Article 7*, (a) there is a general and temporary condition of flooding in the area, (b) the flooding is the proximate cause of the land subsidence ... (c) the land subsidence ... occurs no later than 72 hours after the *flood* has receded, and (d) the insured building must be insured, at the time of the loss, for at

letter dated December 11, 2001, Omaha denied Suopys's claim on the ground that there was no general condition of flooding at the property on the reported date of loss, which is required to trigger SFIP coverage.[2]

Suopys filed a Complaint in the District Court asserting that Omaha breached its contract with Suopys in denying flood insurance coverage and sought benefits under the SFIP.[3] Omaha sought summary judgment on the ground that Suopys's claim was barred for failure to submit a sworn proof of loss within 60 days of the date of

---

> least 80 percent of its replacement cost or the maximum amount of insurance available under the [*NFIP*].

44 C.F.R. Pt. 61 App. A(1), Art. 3(B) (2000) (emphasis in original). *See also* 44 C.F.R. Pt. 61, App. A(1), Art. V(C) (2003).

[2]Suopys subsequently requested that Omaha re-evaluate its denial of coverage. Both Omaha and Suopys retained experts to determine whether the cause of the structural damage to the property was a result of "earth movement" excludable from coverage or whether it met the narrow land subsidence exception to the earth movement exclusion. *See* 44 C.F.R. Pt. 61 App. A(1) Art. 3 (2000). In light of our holding that Suopys did not timely file proof of loss in order to trigger flood insurance coverage, we do not address the substance of the coverage dispute regarding "earth movement."

[3]The District Court had jurisdiction pursuant to 42 U.S.C. § 4072 given that Suopys sought as damages payment of United States Treasury funds from Omaha in its capacity as a fiscal agent of FEMA pursuant to 42 U.S.C. § 4071 (2003). *See Linder & Assoc., Inc. v. Aetna*, 166 F. 3d 547, 550 n.3 (3d Cir. 1999).

the alleged flood loss. Suopys countered that he complied with the terms of the SFIP regarding proof of loss in light of the representations made by Omaha in its September 27, 2001 correspondence indicating that it would accept the proof of loss if filed by October 5, 2001 (despite the fact that more than 60 days had passed). He argued that Omaha's representation constituted a waiver of his obligation to submit proof of loss within 60 days of the date of the claimed flood loss or, alternatively, that Omaha waived the proof of loss requirement by accepting the adjuster's report in lieu of the proof of loss.

The District Court concluded that Suopys's claim was barred for failure to submit a proof of loss within 60 days of the date of the loss and that there was no waiver of that 60-day filing requirement. Although the failure to timely file the proof of loss standing alone warranted entry of summary judgment in favor of Omaha, the District Court further held that Omaha would be entitled to summary judgment because the claimed property damage was not covered under the flood insurance policy as it was caused by earth movement rather than by land subsidence.

III.

Our jurisdiction over this appeal is premised on 28 U.S.C. § 1291. We apply plenary review to the grant of summary judgment in favor of Omaha. *Van Holt*, 163 F.3d at 167 (3d Cir. 1998).

IV.

Federal common law governs the interpretation of the SFIP. *Linder,* 166 F.3d at 550. The SFIP is construed in accordance with its plain, unambiguous meaning, in order to fashion uniform interpretation throughout the country and avoid state to state coverage

variances. *Id*. While we apply standard insurance principles to construe the SFIP, general doctrines of waiver and estoppel do not apply when the insurer is an agent of the United States. *Id.*; *Gowland v. Aetna*, 143 F.3d 951, 955 (5th Cir. 1998) (quoting *Office of Personnel Management v. Richmond*, 496 U.S. 414, 425 (1990) ("Any exercise of a power granted by the Constitution to one of the other branches of Government is limited by a valid reservation of congressional control over funds in the Treasury.").

Because any claim paid by a WYO Company is a direct charge to the United States Treasury, strict adherence to the conditions precedent to payment is required. *Federal Crop Ins. Corp. v. Merrill,* 332 U.S 380, 384-85 (1947) (holding that insured must strictly comply with all terms and conditions of federal insurance policy and recognizing duty of courts to observe conditions defined by Congress for charging the public treasury); *Van Holt*, 163 F.3d at 165; *Flick v. Liberty Mutual*, 205 F.3d 386 (9th Cir.), *cert. denied*, 531 U.S. 927 (2000) (strict compliance applied to policies written by WYO Companies under the NFIP because flood loss claims are paid from United States Treasury).

Mindful of these principles, we address the merits of Suopys's two-fold waiver argument: (1) Omaha waived the 60-day period for providing proof of loss when in its September 27, 2001 correspondence to Suopys, it represented it would accept a proof of loss if submitted by October 5, 2001, and (2) Omaha waived the proof of loss requirements in accepting a signed and notarized adjuster's report on October 4, 2001.

A.

As to whether Omaha waived the 60-day period for providing proof of loss when in its September 27, 2001 correspondence to

8

Suopys, it represented it would accept a proof of loss if submitted by October 5, 2001, the SFIP provides:

> J.      Requirements in Case of Loss
>
> > 4.      *Within 60 days after the loss*, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information. . . .
> >
> > * * *
> >
> > 6.      The insurance adjuster whom we hire to investigate your claim may furnish you with a proof of loss form, and she or he may help you complete it. However, this is a matter of courtesy only, and *you must still send us a proof of loss within 60 days after the loss* even if the adjuster does not furnish the form or help you complete it . . . .

44 C.F.R. Part 61, App. (A)(1), Art. 9(J) (2000) / Art. VII(J) (2003) (italics added).[4]

_____

[4]The parties dispute which version of the SFIP applies to Suopys's claim.    Suopys's SFIP had an effective date of December 26, 2000, and was in the form codified at 44 C.F.R. Pt. 61, App. A(1) (2000), subject to the liberalization clause of that policy found at Article 10 (which gives the policyholder the benefit of

9

Strictly construed, the SFIP clearly and unambiguously requires that proof of loss be submitted by the insured within 60 days of the claimed flood loss. The SFIP places the onus on the insured to file the proof of loss within 60 days regardless of the representations and assistance, or lack thereof, provided by the insurer or its adjuster. *Dawkins v. Witt*, 318 F.3d 606 (4th Cir. 2003) (60-day proof of loss filing period strictly enforced even where Hurricane Fran made it extremely difficult for insured parties to comply with the time limit)*; Phelps v. FEMA*, 785 F.2d 13 (1st Cir. 1986) (government insurance agency not barred from asserting defense of insured's failure to file written proof of loss even where misrepresentations of the agency induced the failure). This, coupled with the directive that a WYO Company may not alter, amend, or waive any provision or condition of the SFIP absent express written consent from the Federal Insurance Administrator,[5] defeats Suopys's claim that Omaha's September 27,

---

subsequent policy amendments). That liberalization clause effectively incorporated the December 31, 2000 revisions to the SFIP to the extent that they extend or broaden the coverage afforded to Suopys without additional premium. Federal Emergency Management Agency, National Flood Insurance Program (NFIP); Insurance Coverage and Rates, 65 Fed. Reg. 60, 758 (Oct. 12, 2000) (to be codified at 44 C.F.R. Parts 59 and 61). The primary purpose of the December 31, 2000 amendments to the SFIP was to render the SFIP in plain language and restructure its format to resemble the homeowner's policy. *Id*. at 60,759. We agree with Omaha's contention that regardless of which SFIP language applies, Suopys failed to comply with the proof of loss requirements.

[5]44 C.F.R. Pt. 61, App. (A)(1), Art. 9(D) (2000) / Art. VII(D) (2003); 44 C.F.R. § 61.13(d) (2003).

10

2001 representations constituted a waiver of the 60-day requirement.[6] Thus, we join a number of other Courts of Appeals in holding that strict adherence to SFIP proof of loss provisions, including the 60-day period for providing proof of loss, is a prerequisite to recovery under the SFIP. *See Phelps,* 785 F.2d 13 (1st Cir. 1986); *Dawkins*, 318 F.3d 606 (4th Cir. 2003); *Gowland*, 143 F.3d 951 (5th Cir. 1998); *Neuser v. Hocker*, 246 F.3d 508 (6th Cir. 2001) (failure to comply with 60-day filing requirement for proof of loss was bar to recovery); *Mancini v. Redland Ins. Co.*, 248 F.3d 729 (8th Cir. 2001) (failure to submit a signed and sworn proof of loss entitled insurer to judgment as a matter of law); *Flick*, 205 F.3d 986 (9th Cir. 2000), and *Sanz v. U.S. Security Ins. Co.*, 328 F.3d 1314 (11th Cir. 2003) (failure to file a proof of loss within 60 days without obtaining a written waiver of that requirement from FEMA precluded recovery).

## B.

As to whether Omaha's acceptance of the adjuster's report constituted a waiver, Suopys relies on the following provision of the SFIP as amended effective 12/31/00:

---

[6]Omaha has a policy of continuing to examine claims despite an insured's non-compliance with policy requirements given that facts may surface that would support Omaha making a request for waiver from FEMA. But the mere fact that an insurer continues its investigation does not constitute a waiver of policy requirements. *See generally Wagner v. Director FEMA*, 847 F.2d 515, 520 (9th Cir. 1988) ("Holding that FEMA may inadvertently extend the limitations period by answering claimants' inquiries or by considering new information 'would contravene a strong public policy to encourage an insurance company to reconsider its original denial when confronted with potentially new facts.'. . . .") (citation omitted).

11

At our option, we may accept the adjuster's report of the loss instead of your proof of loss. The adjuster's report will include information about your loss and the damages you sustained. You must sign the adjuster's report. At our option, we may require you to swear to the report.

44 C.F.R. Pt. 61, App. A.(1), VII(J)(9) (2003). *See also* 65 Fed. Reg. at 60,775 (October 12, 2000). This provision only applies to claims under $7500, which Suopys's $12,962.44 claim exceeded. FEMA's regulations are controlling regarding the application of the SFIP by WYO Companies. 44 C.F.R. Pt. 61, App. A(1), Art. 11 (2000) / Art. IX (2003). The FEMA Claims Manual, which is incorporated by reference into the FEMA regulations (44 C.F.R. § 62.23), limits SFIP Article VII(J)(9) (2003) and Article 9(J)(7) (2000) to claims with a maximum value of $7500.[7]

---

[7]Both the version of the Claims Manual effective at the time of Suopys's loss and the current Claims Manual (www.fema.gov/nfip/authreq.htm at ¶q) limit such claims to $7500. The current version requires:

> **q. Proof of Loss**. A Proof of Loss form (page A-29) signed by the insured is required on every claim on which any payment is recommended. On claims up to $7,500, the NFIP Final Report form (page A-25) will suffice for this purpose. On claims over $7,500, a separate Proof of Loss form must be obtained. If the insured qualifies for replacement cost coverage, the adjuster must submit the Statement as to Full Cost of Repair or Replacement (shown on page A-31) for the additional amount recoverable under the replacement cost provisions. If the insured qualifies for Increased

12

Suopys suggests that the above-quoted SFIP which became effective December 30, 2000 (65 Fed. Reg. at 60,758), eliminated the $7500 limitation. *Compare* 44 C.F.R. Pt. 61, Art. 9(J)(7) (2000)[8]. We disagree. Both versions of the SFIP make clear that acceptance of the adjuster's report is at the option of the insurer. Moreover, the implementation of either version of this SFIP provision is subject to the limitations imposed by FEMA. 42 U.S.C. § 4019 (FEMA establishes the rules governing adjustment and payment of proved and approved claims for losses). The $7500 limitation imposed by FEMA is binding on Suopys. Suopys's claim was for $12,962.44. Consequently, in the absence of a written waiver from FEMA, Omaha was barred from accepting the adjuster's report in place of proof of loss. 44 C.F.R. Pt. 61, App. (A)(1), Art. 9(D) (2000) / Art. VII(D) (2003); 44 C.F.R. § 61.13(d) (2003).

---

Cost of Compliance (ICC), the Increased Cost of Compliance Proof of Loss form (shown on page A-13) must be submitted. The insured has 60 days from the date of loss to proffer the proof.

[8]The SFIP as issued to Suopys on December 26, 2000, provided:

We may, at our option, waive the requirement for the completion and filing of a proof of loss *in certain cases*, in which event you will be required to sign and, at our option, swear to an adjuster's report of the loss which includes information about your loss and the damages sustained, which is needed by us in order to adjust your claim.

44 C.F.R. Pt. 61 Art. 9(J)(7) (2000) (italics added).

IV.

For the foregoing reasons, we will affirm the grant of summary judgment in favor of Omaha based upon Suopys's failure to strictly comply with SFIP provisions regarding proof of loss.