NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1157
_____

ADMIRALTY CONDOMINIUM ASSOCIATION, INC.,

Appellant

v.

DIRECTOR, FEDERAL EMERGENCY MANAGEMENT AGENCY,
NATIONAL FLOOD INSURANCE PROGRAM
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-12-cv-06881)
District Judge:  Honorable Joel A. Pisano
_____

Submitted Under Third Circuit LAR 34.1(a)
November 19, 2014

Before: SMITH, HARDIMAN, and BARRY, *Circuit Judges*.

(Filed: November 20, 2014)
_____

OPINION[*]
_____

HARDIMAN, *Circuit Judge*.

Admiralty Condominium Association, Inc. (the Condominium) appeals an order of

the District Court dismissing its complaint for lack of jurisdiction under Federal Rule of

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Civil Procedure 12(b)(1). We will affirm.

I

The Condominium suffered damages when Hurricane Irene struck its property in Monmouth Beach, New Jersey, on August 28, 2011. Because the property was covered under a standard flood insurance policy issued by the federal government, the Federal Emergency Management Agency (FEMA) sent an insurance adjuster to assess the damages. The adjuster determined that the property sustained $61,221 in losses, but the Condominium disputed that amount. In response, FEMA sent an engineer to inspect the property, who concluded that the additional damages claimed by the Condominium were neither covered by the standard policy nor caused by Hurricane Irene.

In an attempt to protect its rights but still unaware of the exact scope of its claim, the Condominium filed a proof of loss form with FEMA on November 22, 2011, claiming the policy limit of $40.2 million.[1] The Condominium also submitted to FEMA on January 5, 2012, a report estimating damages of $2.2 million and a second, untimely proof of loss on February 29, 2012, that claimed the undisputed sum of $61,221 and advised that additional amounts would be claimed later. By letter dated March 22, 2012, FEMA rejected the Condominium's November proof of loss for failure to provide "any documentation to support paying the requested amount of $40,200,000," App. 87, but

---

[1] Because the havoc wreaked by Irene impeded access to the affected areas, FEMA extended the deadline for submitting a proof of loss from October 27, 2011, to November 26. On November 22, it extended the deadline further to January 25, 2012.

accepted the February proof of loss and paid the Condominium $62,148. Unsatisfied

with FEMA's decision, the Condominium filed an administrative appeal, arguing that the

uncompensated damages it suffered were covered by its federal insurance policy. FEMA

disagreed and denied the claim without mentioning the validity of the November 2011

proof of loss. After exhausting its administrative remedies, the Condominium sued the

Director of FEMA in the District Court. FEMA filed a motion to dismiss under Rule

12(b)(1), arguing that the Condominium's failure to comply with the proof of loss

requirement in claiming additional damages deprived the Court of subject matter

jurisdiction. The District Court agreed, holding that the federal government's waiver of

sovereign immunity in suits to collect insurance proceeds from the federal flood

insurance program is conditioned upon strict compliance with FEMA regulations. The

Condominium filed this appeal.

## II[2]

The Condominium tacitly admits that it never filed a proof of loss form that

complied with federal regulations. Its November 2011 proof of loss was a placeholder

submitted to preserve its claim, and its January 2012 submission neither was sworn nor

included all the information required by federal regulations. Nevertheless, the

Condominium argues that its substantial compliance with the regulations suffices in the

---

[2] We have jurisdiction to review the District Court's dismissal of the action for want of subject matter jurisdiction under 28 U.S.C. § 1291. *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008). We review findings of fact related to jurisdiction for clear error, *id.*, but our review is otherwise plenary, *Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 271 (3d Cir. 2014).

absence of a valid proof of loss. We disagree and hold that strict compliance with the regulations is a necessary condition for waiver of sovereign immunity in this context. *See Rock Island, Ark. & La. R.R. Co. v. United States*, 254 U.S. 141, 143 (1920) (Holmes, J.) ("Men must turn square corners when they deal with the Government. If it attaches even purely formal conditions to its consent to be sued those conditions must be complied with.").

A

If the federal government has not waived its sovereign immunity with respect to a given claim, the court in which the claim is filed lacks jurisdiction and must dismiss the suit. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Even when the government has seen fit to waive immunity, the waiver is "strictly construed" in the government's favor. *Lane v. Pena*, 518 U.S. 187, 192 (1996). And while it is true that the flood insurance program includes a waiver of sovereign immunity, *see* 42 U.S.C. § 4072, the Condominium's policy came with the proviso that the policyholder "may not sue [FEMA] to recover money under this policy unless [the policyholder] has complied with all the requirements of the policy," 44 C.F.R. pt. 61, app. A(3), art. VIII(R).

In the District Court, the Condominium made no effort to prove that it complied with the requirement that it submit a signed, sworn, complete, and timely proof of loss for any claims exceeding the $62,148 already paid by FEMA. *See id.* art. VIII(J). This failure is unsurprising because the record shows that the Condominium's November submission was "incomplete," and its January submission merely "supplement[ed]" the earlier filing,

4

was not sworn, and did not provide all the information required by FEMA regulations. Condominium Br. 29.

The Condominium argues that its "substantial compliance" with federal regulations entitles it to a remand. But this argument runs headlong into two obstacles: the canon that waivers of sovereign immunity are strictly construed and the rule that exacting compliance with the terms of a federal insurance program is a prerequisite to recovery of insurance proceeds from public coffers. *See Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 385 (1947). As two of our sister courts have held in cases like this one, substantial compliance is no cure for a failure to strictly follow the rules. *See Mancini v. Redland Ins. Co.*, 248 F.3d 729, 733 (8th Cir. 2001) (strict compliance with the proof of loss requirement is necessary to effect the flood program's waiver of sovereign immunity); *Wagner v. Dir., FEMA*, 847 F.2d 515, 518 (9th Cir. 1988) (same); *see also Suopys v. Omaha Prop. & Cas.*, 404 F.3d 805, 810 (3d Cir. 2005) (joining seven other circuits in holding that "strict adherence to [FEMA] proof of loss provisions . . . is a prerequisite to recovery"). In sum, the Condominium's undisputed failure to strictly obey the proof of loss regulations dooms its claim, substantial compliance notwithstanding.

B

The Condominium's other arguments fare no better. It claims, for example, that the District Court's dismissal of its equitable estoppel argument was improper because FEMA had repeatedly tolerated incomplete filings in the past and had given the Condominium no reason to expect that it would suddenly require strict compliance. There

5

are two problems with this claim. First, equitable estoppel claims against the government are disfavored. *See, e.g.*, *Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1320 (11th Cir. 2003). More fundamentally, such claims require "some 'affirmative misconduct on the part of the government officials,'" *Fredericks v. Comm'r*, 126 F.3d 433, 438 (3d Cir. 1997) (quoting *United States v. Asmar*, 827 F.2d 907, 911 n.4 (3d Cir. 1987)). The instances of affirmative misconduct posited by the Condominium—FEMA's past acceptance of incomplete filings similar to the November 2011 proof of loss, its failure to process or respond to the January submission, and its assertion of the proof of loss requirement as a technical defense—are at best allegations of "mere negligence," not the affirmative misconduct required to equitably estop the government. *Morgan v. Heckler*, 779 F.2d 544, 545 (9th Cir. 1985) (Kennedy, J.).

The Condominium's reliance on the implied duty of good faith and fair dealing is similarly misplaced. First, for the same reasons it does not claim affirmative misconduct, the Condominium does not allege the requisite "facts constituting a specific intent to injure [it] on the part of a government official." *Pratt v. United States*, 50 Fed. Cl. 469, 479 (2001) (citing *Tex. Instruments, Inc. v. United States*, 991 F.2d 760, 768 (Fed. Cir. 1993)). Second, because the implied duty of good faith and fair dealing does not prevent the government from exercising its rights under the express terms of a contract, it could not be liable for enforcing the Condominium's obligations under the policy. *See Century Exploration New Orleans, LLC v. United States*, 745 F.3d 1168, 1179 (Fed. Cir. 2014).

Finally, we reject the Condominium's argument that the District Court erred by

considering factual evidence outside the pleadings and failing to apply the summary judgment standard. Subject matter jurisdiction may be raised in a motion to dismiss even when the existence of jurisdiction implicates a factual question like whether the Condominium strictly complied with federal regulations. *See CNA v. United States*, 535 F.3d 132, 140 (3d Cir. 2008). And when a defendant makes a factual attack on jurisdiction, the district court is "permitted to make factual findings, beyond the pleadings, that [are] decisive to determining jurisdiction." *Id.* at 145. Here, FEMA questioned the District Court's jurisdiction, arguing that the Condominium failed to submit a valid proof of loss. The Condominium had a full and fair opportunity to litigate this issue, and the District Court correctly found that the Condominium did not comply with the proof of loss requirement. This fact deprived the District Court of subject matter jurisdiction, so it did not err when it dismissed the complaint pursuant to Rule 12(b)(1).

III

Even if we assume that FEMA's resort to rigid enforcement of its regulations was disingenuous, this case is controlled by the rule that participants in federal insurance programs can expect no indulgence when it comes to procedure. *See Merrill*, 332 U.S. at 386 ("The circumstances of this case tempt one to read the regulation, since it is for us to read it, with charitable laxity. But not even the temptations of a hard case can elude the clear meaning of the regulation."). Accordingly, we will affirm the judgment of the District Court.