**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2274
_____

HUMPHREY O. UDDOH,
                    Appellant

v.

SELECTIVE INSURANCE COMPANY OF AMERICA, I/P/A Selective Insurance
Company; CNC CATASTROPHIC AND NATIONAL CLAIMS; PAUL PIERCE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:13-cv-02719)
District Judge:  Honorable Stanley R. Chesler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2019

Before: KRAUSE, SCIRICA and NYGAARD, Circuit Judges

(Opinion filed: May 13, 2019)
_____

OPINION[*]
_____


PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Humphrey O. Uddoh appeals from the order of the United States District Court for the District of New Jersey entering summary judgment in favor of Selective Insurance Company of America ("Selective"). We will affirm.

Uddoh owns property in Jersey City, New Jersey, which was insured by a Standard Flood Insurance Policy (SFIP) issued by Selective, a "Write Your Own" (WYO) company participating in the National Flood Insurance Program (NFIP). The terms of SFIP policies and disputes are governed by regulations promulgated by the Federal Emergency Management Agency (FEMA), the National Flood Insurance Act of 1968, and federal common law. Suopys v. Omaha Prop. & Cas., 404 F.3d 805, 807 (3d Cir. 2005). "Because any claim paid by a WYO Company is a direct charge to the United States Treasury, strict adherence to the conditions precedent to payment is required." Id. at 809. One of the conditions is timely submission by the insured of a "signed and sworn" proof of loss that includes, inter alia, the amount of money that an insured is claiming under the flood insurance policy, accompanied by detailed information about the property and damages. See 44 C.F.R. pt. 61, App. A(1), Art. VII(J)(4).

According to Uddoh, flooding caused by Superstorm Sandy damaged his property on October 29, 2012. On December 23, 2012, Uddoh submitted to Selective a proof of loss form that contained conflicting information concerning the loss that he allegedly suffered. Where the document provided a blank space for "Actual Cash Value Loss," the amount of $1957.99 is listed. That same amount is listed as a deductible. Therefore, on

2

the line for "Net Amount Claimed," $0.00 is provided. But Uddoh also included handwritten notations on the form, stating that it was "signed under protest" and "demand[ing]" payment based on an insurance adjuster's submission of both a report seeking $21,000 and an "advance payment request[]" for $30,000." Attached to the proof of loss form was a contractor's repair estimate of $26,000, which included items in Uddoh's basement and third floor ceiling. Selective denied Uddoh's claim on December 24, 2012, noting that the "minimal damage to the building" totaled $334.06, which was less than the policy's $5000 deductible.[1] In addition, Selective explained that damages to the lower level of the home were excludable under policy's basement limitation.[2]

In October 2013, Uddoh filed a complaint in the District Court alleging that Selective breached the insurance contract and engaged in a fraudulent scheme to deny him benefits.[3] Selective filed a motion to dismiss, arguing that Uddoh's state law claims were preempted by federal law. The District Court granted that motion, noting that Uddoh could proceed only on his claim for flood insurance coverage. Selective next filed

---

[1] The $334.06 figure was derived from an adjustor's final report, which set out costs for cleaning and application of an anti-microbial agent.

[2] Under the SFIP, coverage for property located in a basement is limited to certain enumerated items such as drywall and air conditioners. See 44 C.F.R. Pt. 61, App. A(3), art. III(A)(8) & III(B)(3); see also McGair v. Am. Bankers Ins. Co. of Fla., 693 F.3d 94, 96 (1st Cir. 2012).

[3] Uddoh also brought claims against CNC Catastrophe & National Claims (a company that provided adjusting services for Uddoh's claim) and one of its adjusters, Paul Pierce, for breach of contract, fraud, and trespass. In January 2015, those claims were dismissed with prejudice pursuant to the parties' stipulation. See Fed. R. Civ. P. 41(a)(1)(A)(ii).

3

a motion for summary judgment, which the District Court granted by order entered May 8, 2018. The District Court held that Uddoh was barred from recovery because he failed to submit an adequate proof of loss as required by the SFIP. The District Court also denied Uddoh's cross motion for summary judgment, noting that Uddoh attempted to raise claims that were not included in his complaint, holding that Uddoh "cannot prove a bad faith denial of coverage," and rejecting Uddoh's argument that he was entitled to sanctions against Selective. Uddoh appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "We review de novo district court orders granting or denying summary judgment, applying the same test required of the district court and viewing inferences to be drawn from the underlying facts in the light most favorable to the nonmoving party." Schmidt v. Creedon, 639 F.3d 587, 594-95 (3d Cir. 2011) (quotation marks and citations omitted). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The SFIP provides that within 60 days after the loss (or within any extension authorized by FEMA), the claimant must file a signed and sworn proof of loss that includes, inter alia, "an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss." See 44 C.F.R. pt. 61, App. A(1), Art. VII(J)(3) & (J)(4)(i). A claimant is required to use their "own judgment concerning the amount of loss and [to] justify that amount." Id. at Art. VII(J)(5). Here, the "net amount claimed"

4

on the proof of loss was $0.00, but Uddoh indicated that he signed the form "under protest," and suggested that he demanded either $21,000 or $30,000. An attached contractor's estimate stated that the total cost of repairs was $26,000, but seemingly included items in Uddoh's basement and third floor that are not covered by the flood insurance policy. By failing to clearly indicate the amount that he was seeking to recover, Uddoh's proof of loss did not comply with the SFIP requirements.[4] See Forman v. FEMA, 128 F.3d 543, 545 (5th Cir. 1998) (holding that proof of loss was inadequate where insured "in effect nullified any representations as to the 'actual cash value loss' or 'the net amount claimed'" by writing "'THESE FIGURES ARE UNACCEPTABLE' next to the listed amounts" and by "failing to provide 'acceptable' damage figures of their own").

Uddoh does not dispute that his proof of loss was inadequate. Instead, he argues that the proof of loss requirement was waived by a FEMA bulletin issued after Superstorm Sandy. See FEMA Bulletin W-12092a (Nov. 9, 2012). In relevant part, that bulletin attempted to speed up the process for obtaining an initial claim payment by granting a conditional and partial waiver of the proof of loss requirement. In particular, the bulletin stated that FEMA would "permit the insurer to adjust and pay a loss based on

---

[4] We note that, although Selective administered a payment on Uddoh's claim, it is not equitably estopped from asserting a defense based on the deficient proof of loss. See Wright v. Allstate Ins. Co., 415 F.3d 384, 387-88 (5th Cir. 2005) (holding that insurer, which initially had accepted proof of loss as in compliance with policy conditions, was not equitably estopped from relying in litigation on insured's failure to file an adequate proof of loss).

the evaluation of damage in the adjuster's report instead of the signed Proof of Loss or insured-signed adjuster's report." Notably, however, the bulletin specifically stated that it "does not constitute a blanket waiver of the Proof of Loss requirements of the SFIP." Indeed, the bulletin explained that "[i]f the insured disagrees with the amount of the payment [based on the adjuster's report], the insured must send to the insurer a signed and sworn proof of loss meeting the requirements of Section VII(J) of the Dwelling and General Property SFIP Forms …." Thus, contrary to Uddoh's contention, the bulletin did not eliminate the proof of loss requirement; it simply allowed an insurance company's initial payment to be based on the adjuster's report, rather than a proof of loss. See Marseilles Homeowners Condo. Ass'n, Inc. v. Fid. Nat'l Ins. Co., 542 F.3d 1053, 1057 (5th Cir. 2008) (holding that a FEMA memorandum containing similar terms did not "render permissive the requirement to file a proof of loss prior to filing suit."); see also Migliaro v. Fidelity Indemnity Ins. Co., 880 F.3d 660, 663 (3d Cir. 2018) (explaining that, under the SFIP and FEMA bulletins pertaining to Superstorm Sandy, an insurance company may pay a claim based on an adjuster's recommendation, but a policyholder who believes he is entitled to recover more must still submit a proof of loss).

Uddoh also argues that Selective engaged in a fraudulent scheme to deprive him of benefits to which he was entitled. In support of this claim, Uddoh asserts that Selective ignored a report indicating that his property sustained damages totaling $60,000, failed to honor its agreement to advance him $30,000, and interfered with the adjusters' preparation of their reports. Because these claims were brought under state law, the

6

District Court properly concluded that they were preempted by the NFIP. See C.E.R. 1988, Inc. v. Aetna Cas. and Sur. Co., 386 F.3d 263, 271 n.11 (3d Cir. 2004) (noting that "[t]he vast majority of courts have found that the [National Flood Insurance Act] preempts state law[,]" at least as to allegations of misrepresentation in the adjustment of a claim made under a flood insurance policy). To the extent that Uddoh seeks to challenge the District Court's text order of June 8, 2016, we conclude that it was not an abuse of discretion to postpone consideration of his request for an evidentiary hearing until the close of discovery. See Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1310 (3d Cir. 1995) (applying "abuse of discretion standard when reviewing orders regarding the scope and conduct of discovery."). Notably, Uddoh has not identified any material that Selective failed to disclose. Finally, we will not consider Uddoh's assertion that Selective cancelled his flood insurance policy in retaliation for filing the lawsuit. Uddoh did not raise that allegation in his compliant, and there are no exceptional circumstances that warrant consideration of that claim for the first time on appeal. See Brown v. Phillip Morris, Inc., 250 F.3d 789, 799 (3d Cir. 2001) ("[A]rguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible of review in this Court absent exceptional circumstances.").

For the foregoing reasons, we will affirm the judgment of the District Court.

7