**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1937
_____

HENRY F. SIEDZIKOWSKI;
MARY RITA SIEDZIKOWSKI,
Appellants

v.

ADMINISTRATOR OF FEDERAL EMERGENCY MANAGEMENT AGENCY;
ADMINISTRATIVE STRATEGIES, LLC
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-22-cv-03369)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 5, 2024
_____

Before:  JORDAN, PHIPPS, and FREEMAN, *Circuit Judges*.

(Filed: April 8, 2024)
_____

OPINION[*]
_____

PHIPPS, *Circuit Judge*.

After their residence in Pennsylvania flooded during Hurricane Ida in late August 2021, two homeowners sought compensation under their flood insurance policy. Displeased with the amount of compensation that they received, the homeowners initiated this suit seeking additional funds and claiming a breach of the flood insurance contract.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

But the terms of that insurance agreement set forth a claim-submission process, and the homeowners did not plausibly allege that they complied with that process in seeking to recover the additional amount. Moreover, based on the materials attached by the homeowners in opposition to the motion to dismiss, affording them another opportunity to state a plausible claim would be futile. Thus, for the reasons below, we will affirm the judgment of the District Court dismissing the homeowners' claim with prejudice.

## FACTUAL BACKGROUND
### (ACCORDING TO THE PLEADINGS)

In August 2018, Henry and Mary Siedzikowski purchased a house in Montgomery County, Pennsylvania, next to the Schuylkill River. The previous homeowners had a Standard Flood Insurance Policy under the National Flood Insurance Program. That policy was underwritten by the Federal Emergency Management Agency and issued at below actuarial rates. As a standard policy, its terms were set forth in a regulation, *see* 44 C.F.R. pt. 61, app. A(1) (2009), and it was administered directly by FEMA through NFIP Direct (instead of by an insurance company as one of FEMA's fiscal agents under the Write-Your-Own Program).[1] *See* 42 U.S.C. § 4017 (establishing the National Flood Insurance Fund); 44 C.F.R. §§ 62.1–6 (setting forth the NFIP Direct Program). Upon purchasing the house, the Siedzikowskis assumed that policy, and they timely paid the premiums.

Under the policy, to recover for a direct physical loss, a policyholder first has to promptly notify NFIP Direct of the loss. NFIP Direct then arranges for an adjuster to inspect the property and to prepare a report. To make a claim, a policyholder then has to

---

[1] *See generally Suopys v. Omaha Prop. & Cas.*, 404 F.3d 805, 807 (3d Cir. 2005) (explaining that private Write-Your-Own companies may market and adjust the Standard Flood Insurance Policy as fiscal agents of the federal government); *cf.* 44 C.F.R. §§ 62.23–24 (setting the terms and conditions under which insurance companies can participate as fiscal agents for flood insurance through the Write-Your-Own Program).

submit a timely proof of loss to NFIP Direct.[2]  As a matter of courtesy, the adjuster may draft a proof of loss for the policyholders to use to submit a claim.

A proof of loss must contain several pieces of descriptive information.  Those include how-and-when details about the loss, the identity of the claimant and the nature of his or her relationship to the property, a specific loss amount, and justifications for the loss amount.  Also, the proof of loss must be "signed and sworn to" by the policyholder. 44 C.F.R. pt. 61, app. A(1), art. VII(J)(4) (2009).

After Hurricane Ida caused the Schuylkill River to flood, resulting in damage to their home, the Siedzikowskis began the claim-submission process.  They notified NFIP Direct of their loss, and it dispatched an adjuster to assess the damage.  The adjuster inspected their home on September 10, 2021, and on November 1, 2021, the adjuster provided the Siedzikowskis with a courtesy copy of a proof of loss for them to submit to NFIP Direct.

The Siedzikowskis disagreed with the adjuster's draft proof of loss.  Among other things, they thought that the adjuster had not fully accounted for structural damage to their house.  They wrote to the adjuster to dispute his draft proof of loss, but because he had previously submitted it to NFIP Direct, he advised them to deal directly with NFIP Direct. The Siedzikowskis then communicated with NFIP Direct and identified several alleged deficiencies in the adjuster's proof of loss.

Ultimately, NFIP Direct paid the Siedzikowskis $160,368.95, but they believed that they were owed over $150,000 in additional reimbursements for losses.

---

[2] Ordinarily, the time for submitting a proof of loss is 60 days from the date of loss, but following Hurricane Ida, FEMA extended that time to 180 days. *See* Hurricane Ida Claims Payment Process, W-21020 ¶ II (FEMA Sept. 16, 2021) (JA103).

PROCEDURAL HISTORY

On August 23, 2022, the Siedzikowskis initiated this suit in the Eastern District of Pennsylvania against the FEMA Administrator and the adjuster's employer, Administrative Strategies, LLC. As amended the second time, the complaint had three counts: one against the Administrator of FEMA in her official capacity for breach of contract, and two against Administrative Strategies – for misrepresentation and for negligence.

Both the FEMA Administrator and Administrative Strategies moved to dismiss the second amended complaint for failure to state a claim for relief. *See* Fed. R Civ. P. 12(b)(6). The FEMA Administrator attached two proofs of loss totaling $160,368.95 to its motion, and argued that those claims, which were paid in full, were the only ones that the Siedzikowskis submitted. Administrative Strategies did not attach exhibits, except the complaint, to its motion and sought dismissal primarily on preemption grounds, but it included a number of other arguments as well.

The Siedzikowskis opposed both motions. In responding to the FEMA Administrator, they attached another document that they asserted was referenced in their complaint: a letter to NFIP Direct dated December 15, 2021. By its terms and its enclosures, the letter communicated shortcomings that the Siedzikowskis had identified in the adjuster's courtesy proof of loss.

In exercising subject-matter jurisdiction over the case,[3] the District Court granted the motions and dismissed the Siedzikowskis' claims with prejudice. *See Siedzikowski v.*

---

[3] *See* 28 U.S.C. § 1331; *see also* 42 U.S.C. § 4072 (conferring jurisdiction and waiving sovereign immunity for an action against the FEMA Administrator for disallowed claims); *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 167 (3d Cir. 1998) (explaining that the Court has subject-matter jurisdiction over causes of action "alleging impropriety in the investigation and adjustment" of a claim since they are "intimately related to the disallowance of [an] insurance claim").

*Criswell*, 2023 WL 3161459, at *5–6 (E.D. Pa. Apr. 28, 2023). In ruling on the FEMA Administrator's motion, the District Court relied on the integral-document exception to consider the exhibits included in the briefing and did not convert the motion to dismiss into a motion for summary judgment. *Id.* at *3 (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). And after considering the exhibits, the District Court determined that the Siedzikowskis had failed to state a claim because the December 15 letter was not a valid proof of loss since it did not list any specific amount sought and it was not sworn to. *Id.* at *4–5. The District Court also concluded that the claims against Administrative Strategies were preempted, and it dismissed those claims on that basis. *Id.* at *6.

Through a timely notice of appeal of that final decision, the Siedzikowskis invoked the jurisdiction of this Court. *See* 28 U.S.C. § 1291; Fed. R. App. P. 4(a)(1)(A). They now dispute only the dismissal of the breach-of-contract claim against the FEMA Administrator. They do not contend that the District Court erred in relying on the integral-document exception to their December 15 letter; instead, they argue that the District Court mistakenly concluded that the letter was not a proof of loss.

## DISCUSSION

The District Court correctly dismissed the Siedzikowskis' claim against the FEMA Administrator with prejudice. An essential element of a breach-of-contract claim under federal common law, which governs a Standard Flood Insurance Policy, is the breach of a duty owed under the contract. *See Oliva v. United States*, 961 F.3d 1359, 1362 (Fed. Cir. 2020); *see also* 44 C.F.R. pt. 61, app. A(1), art. IX (2009) (providing that "disputes arising from the handling of any claim . . . are governed exclusively by . . . Federal common law"); *Suopys v. Omaha Prop. & Cas.*, 404 F.3d 805, 809 (3d Cir. 2005) (explaining the same);

5

*see generally Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 327 (3d Cir. 2022) (explaining that the first step in evaluating a Rule 12(b)(6) motion is the identification of the elements of the claim). Even without disregarding any of the Siedzikowskis' allegations as conclusory or threadbare, they do not plausibly state a claim that NFIP Direct breached a duty under the flood insurance contract. *See generally Lutz*, 49 F.4th at 327–28 (explaining that the second and third steps in evaluating a Rule 12(b)(6) motion involve disregarding deficient allegations and evaluating the plausibility of the remaining allegations). That is so because their operative complaint does not allege that they submitted a timely proof of loss for the additional amounts they now seek, nor is that complaint based on a document that they submitted to NFIP Direct that had the essential qualities of such a proof of loss. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426; *cf. Doe v. Princeton Univ.*, 30 F.4th 335, 343 (3d Cir. 2022) (explaining that a court need not consider a document under the integral-document exception if the document is controverted by allegations in the complaint). Without either, the Siedzikowskis did not establish a breach of a duty by NFIP Direct to pay for direct property losses under their flood insurance policy.

The District Court also did not abuse its discretion in dismissing the second amended complaint with prejudice. *See Mullin v. Balicki*, 875 F.3d 140, 149–50 (3d Cir. 2017) (articulating the requirement that dismissal of a claim on Rule 12(b)(6) grounds should be without prejudice so as to allow amendment except in certain circumstances, including when amendment would be futile). Any further amendment would have been futile because the only item referenced by the Siedzikowskis as a basis for sustaining their suit – their December 15 letter to NFIP Direct – does not qualify as a valid proof of loss. It does not contain a specific loss amount, and it was not sworn to by the Siedzikowskis.

Without having those qualities essential to a valid proof of loss, the December 15 letter does not constitute a proof of loss. Accordingly, it was not an abuse of discretion for the District Court to dismiss with prejudice.

## CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court.